MAURICE BAROUSSE, ET AL.

VERSUS

WESTERN WORLD INSURANCE COMPANY, ET AL.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 05-69971
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

COOKS, J., concurs in the result and assigns additional reasons.

AFFIRMED.

David Benoit
Attorney at Law
Post Office Box 877
Breaux Bridge, Louisiana 70517
(337) 332-6666
Counsel for Plaintiffs/Appellants:
    Maurice Barousse
    Michael Barousse
    Millie Barousse

Daniel A. Reed
Seale, Smith, Zuber & Barnette, L.L.P.
8550 United Plaza Blvd., Suite #200
Baton Rouge, Louisiana 70809
(225) 924-1600
Counsel for Defendant/Appellee:
    Western World Insurance Company

Anthony J. Milazzo, Jr.
Hebbler & Giordano, L.L.C.
3636 South I-10 Service Road West, Suite 300
Metairie, Louisiana  70001
(504) 833-8007
Counsel for Defendant/Appellee:
        Progressive Security Insurance Company

Kelly E. Balfour
Attorney at Law
4354 South Sherwood Forest Blvd., Suite 200
Baton Rouge, Louisiana 70816
(225) 298-6720
Counsel for Defendant/Appellee:
        Progressive Security Insurance Company

Melvin A. Eiden
Rabalais, Hanna & Hebert
701 Robley Drive, Suite 210
Lafayette, Louisiana  70503
(337) 981-0309
Counsel for Defendant/Appellee:
        ACI Portable Toilets, LLC
        Shelton Cormier

**SULLIVAN, Judge.**

Plaintiffs appeal the trial court's grant of summary judgment in favor of Western World Insurance Company (Western World) and denial of summary judgment in their favor. We affirm.

### *Facts*

On September 5, 2005, Maurice and Michael Barousse were injured, as they operated their motorcycles on Louisiana Highway 31 in St. Martin Parish, when a truck driven by Shelton Cormier made an improper left turn. Mr. Cormier was in the course and scope of his employment driving his employer's vehicle when the accident occurred. Maurice, Michael, and Maurice's wife sued Mr. Cormier and his employer, ACI Portable Toilets, LLC, and its insurer, Western World, to recover damages.

Western World filed a motion for summary judgment, seeking a judgment declaring that its policy provides minimum coverage of $10,000 per person and $20,000 per accident with respect to the Barousses' claims. The Barousses filed a motion for summary judgment, seeking a judgment recognizing that Western World's policy provides single limit coverage of $100,000 for this accident.

After a hearing on the motions for summary judgment, the trial court took the matter under advisement. Thereafter, the trial court granted summary judgment in favor of Western World and denied the Barousses' motion for summary judgment. The Barousses appeal.

### *Issue Presented*

The Barousses urge that the trial court's judgment contravenes La.R.S. 32:900(B)(2)(d), which provides:

> An owner may exclude a named person as an insured under a
> commercial policy if the owner obtains and maintains in force another

1

policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance.

## *Discussion*

The Western World commercial policy provides single limit coverage of $100,000 for each accident. However, the policy also contains an endorsement that drops the $100,000 coverage to $10,000 per person and $20,000 per accident for any driver who is not a "Listed Driver" in the policy. Western World's motion for summary judgment is based upon the Listed Drivers Coverage endorsement to ACI's policy. The Listed Drivers Coverage endorsement provides in part:

> The following exclusion is added:

> This insurance does not apply to any "accident" or "loss" while a covered "auto" is driven by anyone other than a listed driver.

> For Liability Coverage, this exclusion applies only to the extent our Limit of Insurance exceeds the limits of liability required, in any particular case, by any state's financial responsibility or similar law.

The Barousses contend that this provision violates La.R.S. 32:900(B)(2)(d), arguing that La.R.S. 32:900(B)(2)(d) "only allows an owner to exclude a named person as an insured under a commercial policy if the owner maintains in full force and effect a policy which would provide equal coverage to the excluded person." They urge that the Listed Drivers endorsement is not an endorsement but an exclusion that "attempts to skirt the provisions of La.R.S. 32:900(B)(2)(d) by reducing coverage."

Western World's policy does not exclude Mr. Cormier from the coverage provided to his employer. As stated by the Barousses in their argument, the Listed Drivers endorsement reduces the coverage provided for Mr. Shelton to the minimum

2

required by Louisiana's financial responsibility law. Thus, Western World's policy provides different limits of coverage for listed drivers and unlisted drivers. It does not conflict with La.R.S. 32:900(B)(2)(d), as it provides the minimum coverage required by Louisiana law for drivers who are not listed in the policy. *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180.

The Barousses also argue that the endorsement which reduces coverage provided for Mr. Cormier from $100,000 to $10,000 per person and $20,000 per accident is ambiguous. They first assert that the policy is ambiguous because the endorsement is an exclusion and is inconspicuously placed in an endorsement, not the main body of the policy. They cite cases decided by non-Louisiana courts in support of this contention. Two of the cases cited are inapplicable because the decisions therein are based upon jurisprudential rules which require that such exclusions be conspicuous, and there is no comparable Louisiana statute or jurisprudential rule. Furthermore, although the Listed Drivers Coverage endorsement is not contained in the main body of the policy, it was completed by hand to identify the insured and provide the effective date of the endorsement and was signed by a representative of ACI. Therefore, the endorsement was made conspicuous to ACI's representative.

The Barousses assert two additional reasons why the policy is ambiguous. They argue that the title of the endorsement, "Listed Drivers Coverage," is misleading because it actually excludes coverage and that the policy is ambiguous because the application signed by ACI provides in part, "I agree to promptly report all full and part time drivers" but neither it nor the policy define the term "promptly."

Western World counters that the policy is not ambiguous, citing the following provisions contained in the Listed Drivers Coverage endorsement:

3

This insurance does not apply to any "accident" or "loss" while a covered "auto" is driven by anyone other than a "listed driver."

. . . .

The following is added to Section IV–CONDITIONS

To add a driver to the list of drivers, you must notify your agent or insurance producer in writing of the name, date of birth, date of hire and driver's license number of the additional driver before that driver operates a covered "auto."

Louisiana Civil Code Article 2050 provides that "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." Any ambiguity arguably created by the term "promptly" in the application is resolved when the policy is construed as a whole. The Listed Drivers Coverage endorsement clearly and unambiguously provides what "promptly" means and what ACI had to do to obtain $100,000 coverage for its drivers. Therefore, we need not determine whether the "promptly" is ambiguous. La.Civ.Code art. 2050. *See also Halphen v. Borja*, 06-1465 (La.App. 1 Cir. 5/4/07), 961 So.2d 1201, *writ denied*, 07-1198 (La. 9/21/07), 964 So.2d 338. This assignment is without merit.

### *Disposition*

The judgment of the trial court is affirmed. All costs of this appeal are assessed to the Barousses.

**AFFIRMED.**

4

MAURICE BAROUSSE, ET AL.

VERSUS

WESTERN WORLD INSURANCE COMPANY, ET AL.

**COOKS, J., concurs in the result and assigns additional reasons.**

I concur in the result reached by the majority and specifically note La.R.S. 32:900(B)(2)(d) requires "owners" to secure and maintain "another" policy for the person excluded in an equal amount in cases involving commercial policies. It does not require the primary or excess insurer, as in this case, to do anything, nor does it subject said insurer to additional liability beyond the terms of the contract in the event an owner fails to comply with the statutory mandate. Plaintiff may have a viable claim, based on La.R.S. 32:900(B)(2)(d), but that claim is assertable only against the owner who acquired the commercial policy which triggered the statutory mandate.